UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| JAMES MCINERNEY | § | Case No. 17-03704 |
| | § | |
| Debtor | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that KAREN R. GOODMAN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn Street
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 06/26/2018 in Courtroom 744,

Clerk of the Bankruptcy Court
219 S. Dearborn
Chicago, IL 60604

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 05/24/2018                    By: /s/ Karen R. Goodman
                                                      Trustee


*KAREN R. GOODMAN*
*111 East Wacker Drive*
*Suite 2800*
*Chicago, IL 60601*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| JAMES MCINERNEY | § | Case No. 17-03704 |
| | § | |
| Debtor | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 65,256.44 |
| and approved disbursements of | $ | 960.81 |
| leaving a balance on hand of[1] | $ | 64,295.63 |

Claims of secured creditors will be paid as follows:

### NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: KAREN R. GOODMAN | $ 6,512.82 | $ 0.00 | $ 6,512.82 |
| Trustee Expenses: KAREN R. GOODMAN | $ 22.20 | $ 0.00 | $ 22.20 |
| Attorney for Trustee Fees: TAFT STETTINIUS & HOLLISTER LLP | $ 8,637.00 | $ 0.00 | $ 8,637.00 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administrative expenses | $ | 15,172.02 |
| Remaining Balance | $ | 49,123.61 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 508,296.03  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 9.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | FIRST PERSONAL BANK | $    277,000.59 | $    0.00 | $    26,770.36 |
| 2 | INLAND BANK AND TRUST | $    186,066.72 | $    0.00 | $    17,982.18 |
| 3 | INLAND CONDO INVESTOR LOAN CORP. | $    20,934.17 | $    0.00 | $    2,023.16 |
| 4 | INLAND CONDO INVESTOR LOAN CORP. | $    24,294.55 | $    0.00 | $    2,347.91 |

Total to be paid to timely general unsecured creditors          $          49,123.61

Remaining Balance          $          0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ Karen R. Goodman
Trustee

*KAREN R. GOODMAN*
*111 East Wacker Drive*
*Suite 2800*
*Chicago, IL 60601*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JAMES McINERNEY, | ) | CASE NO:   17-03704 |
| | ) | |
| DEBTOR. | ) | HONORABLE TIMOTHY A. BARNES |
| | ) | U.S. BANKRUPTCY JUDGE |
| | ) | |

### CERTIFICATE OF SERVICE

I, Karen R. Goodman, an attorney, certify that I served true and correct copies of the Notice of Final Report to the Debtor, the Debtor's attorney, all parties in interest, and all creditors that hold claims for which proof of claims have been filed (listed on the below service list) via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 111 East Wacker Drive, Chicago, Illinois at or before 5:00 p.m. on May 24, 2018.

_/s/ Karen R. Goodman_

Karen R. Goodman (#1008242)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Phone: (312) 527-4000
Fax: (312) 966-8480

22650771.1

## SERVICE LIST

United States Trustee
219 South Dearborn, Suite 873
Chicago, Illinois 60606


Inland Bank and Trust
c/o Kevin Murnighan
33 W. Jackson Blvd., Suite 500
Chicago, IL 60604


Quantum3Group LLC
as agent for Comenity Capital Bank
PO Box 788
Kirkland, WA 98083-0788


Joseph Wrobel
Joseph Wrobel, Ltd
1954 First Street, #206
Highland Park, IL 60035


First Personal Bank
c/o Ashen Faulkner
217 N. Jefferson Street, Suite 601
Chicago, Illinois 60661


Inland Condo Investor Loan Corp.
c/o Scott & Kraus LLC
150 S. Wacker Drive, Suite 2900
Chicago, Illinois 60606


Comenity Capital Bank/Paypal Credit
c/o Weinstein & Riley P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121


James McInerney
2010 Garden Street
Park Ridge, IL 60068